a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN BOWERS, Petitioner | CIVIL DOCKET NO. 5:20-CV-1359-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Kevin Bowers ("Bowers") (#467734). Bowers is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Bowers challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because it is unclear whether the Petition (ECF No. 1) was timely field, IT IS ORDERED that Bowers AMEND his Petition.

I. Background

Bowers was charged with one count of second-degree murder for fatally shooting Dajuan Kennedy, a violation of La. R.S. 14:30.1. *State v. Bowers*, 51,545, p. 1 (La. App. 2 Cir. 8/9/17); 244 So.3d 586, 587, *writ denied*, 2017-1637 (La. 6/15/18); 257 So.3d 685. After trial, the jury returned a guilty verdict of manslaughter under La. R.S. 14:31. *Id.* Bowers was adjudicated a fourth-felony offender, and the court

1

sentenced him to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence. *See id.* Bowers's motion to reconsider sentence was denied. *Id.*

Bowers appealed, challenging the sufficiency of the evidence for the verdict of manslaughter. *Id.* Bowers maintained that he shot Kennedy in self-defense, so he could not have the specific intent required for a manslaughter conviction. *See id.* at 592. The court of appeals found that the evidence was sufficient to support the conviction and that "the jury's decision was reasonably based on a credibility call." *Id.* at 595. The Louisiana Supreme Court denied writs on June 15, 2018. *State v. Bowers*, 2017-1637, p. 1 (La. 6/15/18); 257 So.3d 685, 686.

Bowers filed an application for post-conviction relief. The application is signed and dated August 13, 2019. ECF No. 1-2 at 73. The ruling from the trial court denying relief indicates that the application was filed "on or about August 27, 2019." ECF No. 1-2 at 62. In his application, Bowers claimed that counsel was ineffective for: (1) failing to secure expert testimony to aid in the defense; (2) failing to challenge an improper jury instruction; (3) failing to object to evidence of other crimes improperly admitted and failing to ask for a limiting instruction; and (4) failing to raise the issue that the State used different elements and facts from the indictment. ECF No. 1-2 at 67-74. The trial court determined that Bowers's claims were meritless and denied the application. ECF No. 1-2 at 62-66.

The appellate court denied writs on the showing made. ECF No. 1-2 at 31. The Louisiana Supreme Court also denied writs, noting that Bowers failed to show that

he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Bowers*, 2020-00550 (La. 9/29/20); 301 So.3d 1161.

In his § 2254 Petition, Bowers raises the same claims raised on direct and collateral review in the state courts.

II. <u>Instructions to Amend</u>

As part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The Louisiana Supreme Court denied Bowers's writ application on direct review on June 15, 2018. Bowers did not seek further review in the United States Supreme Court. Therefore, his conviction became final the time expired for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The 90 days within which to seek review in the Supreme Court expired on September 13, 2018. Bowers had one year—until September 13, 2019—within which to file a § 2254 petition.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court

is not counted toward the one-year limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Bowers's post-conviction application is hand-dated August 13, 2019. ECF No. 1-2 at 73. However, the trial court notes that the application was filed August 27, 2019. ECF No. 1-2 at 62. Under the "prison mailbox rule," if the application was delivered to prison mailroom officials for filing on August 13, 2019, Bowers had 31 days following the Louisiana Supreme Court's writ denial of September 29, 2020 within which to file a § 2254 petition. In that instance, the Petition—signed, dated, and electronically-filed on October 20, 2020—is timely. *See, e.g., Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006). However, if the application was delivered to prison officials for mailing on August 27, 2019, Bowers only had 17 days following the Louisiana Supreme Court's writ denial of September 29, 2020 within which to file a § 2254 petition. In that instance, the Petition—signed, dated, and electronically-filed on October 20, 2020—is untimely.

Bowers must supplement his Petition with documentation such as a stamped copy or prison mail log showing when the application for post-conviction relief was actually tendered to prison officials for electronic filing or mailing.

## III. Conclusion

Because it is unclear whether his Petition (ECF No. 1) was timely field, IT IS ORDERED that Bowers AMEND his Petition within thirty (30) days of the filing of this Order to provide evidence of when he submitted his post-conviction application to prison officials for electronic filing or mailing.

A failure to comply will result in the recommendation of dismissal of this action under Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED on Tuesday, November 24, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE