a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KEVIN BOWERS #467734,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-01359<br>SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Kevin Bowers ("Bowers") (#467734). Bowers is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Bowers challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

To determine whether Bowers is entitled to relief, his Petition (ECF No. 1) should be SERVED on Respondent.

I. <u>Background</u>

Bowers was charged with one count of second-degree murder for fatally shooting Dajuan Kennedy, a violation of La. R.S. 14:30.1. *State v. Bowers*, 51,545, p. 1 (La. App. 2 Cir. 8/9/17); 244 So.3d 586, 587, *writ denied*, 2017-1637 (La. 6/15/18); 257 So.3d 685. After trial, the jury returned a guilty verdict of manslaughter under La. R.S. 14:31. *Id.* Bowers was adjudicated a fourth-felony offender, and the court

1

sentenced him to life imprisonment at hard labor, without the benefit of probation, parole, or suspension of sentence. *See id.* Bowers's motion to reconsider sentence was denied. *Id.*

Bowers appealed, challenging the sufficiency of the evidence for the verdict of manslaughter. *Id.* Bowers maintained that he shot Kennedy in self-defense, so he could not have the specific intent required for a manslaughter conviction. *See id.* at 592. The court of appeals found that the evidence was sufficient to support the conviction and that "the jury's decision was reasonably based on a credibility call." *Id.* at 595. The Louisiana Supreme Court denied writs on June 15, 2018. *State v. Bowers*, 2017-1637, p. 1 (La. 6/15/18); 257 So.3d 685, 686.

Bowers filed an application for post-conviction relief. The application is signed and dated August 13, 2019. ECF No. 1-2 at 73. The ruling from the trial court denying relief indicates that the application was filed "on or about August 27, 2019." ECF No. 1-2 at 62. In his application, Bowers claimed that counsel was ineffective for: (1) failing to secure expert testimony to aid in the defense; (2) failing to challenge an improper jury instruction; (3) failing to object to evidence of other crimes improperly admitted and failing to ask for a limiting instruction; and (4) failing to raise the issue that the State used different elements and facts from the indictment. ECF No. 1-2 at 67-74. The trial court determined that Bowers's claims were meritless and denied the application. ECF No. 1-2 at 62-66.

The appellate court denied writs on the showing made. ECF No. 1-2 at 31. The Louisiana Supreme Court also denied writs, noting that Bowers failed to show that

he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Bowers*, 2020-00550 (La. 9/29/20); 301 So.3d 1161.

To determine whether the Petition was timely, Bowers was ordered to supplement the Petition with documentation such as a stamped copy or prison mail log showing when his application for post-conviction relief was tendered to prison officials for electronic filing or mailing. ECF No. 7. The Court determined that, under the "prison mailbox rule," if the application was delivered to prison mailroom officials for filing on August 13, 2019, Bowers had 31 days following the Louisiana Supreme Court's writ denial of September 29, 2020 within which to file a § 2254 petition. In that instance, the Petition—signed, dated, and electronically-filed on October 20, 2020—is timely. *See, e.g., Causey v. Cain*, 450 F.3d 601, 605–06 (5th Cir. 2006). In response to the Court's Order, Bower's provided a legal mail receipt signed by a classification officer on August 13, 2019. ECF No. 8. Therefore, based on the evidence before the Court, it appears the Petition is timely.

II. **Service of Process**

THE CLERK IS DIRECTED to prepare summons and serve a copy of the Petition (ECF No. 1) and this Order on:

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and;

- the District Attorney for the First Judicial District Court, Caddo Parish, where Bowers was convicted and sentenced, via First Class Mail.

The Clerk shall serve Bowers with a copy of this Order only.

3

IT IS ORDERED that Respondent, through the District Attorney, file within sixty (60) days after the date of service of summons:

1.  An answer to the Petition.

(a)  The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall present applicable case law as to why the claims are not properly reviewable by this Court.

Respondent must also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination

4

of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

Respondent shall also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. *See* 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

(b) In the event Respondent contends that it has been prejudiced in its ability to respond by Petitioner's delay in filing or that the petition is a second or successive petition under § 2254, Respondent shall set forth such contentions with particularity.

(c) Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1) (as amended by Section 101 of AEDPA) are applicable to this proceeding and bar review of Petitioner's claims.

2. A memorandum of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. **A certified copy of the state court record, including transcripts of all proceedings held in the state courts.**

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or

writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court.

5.  Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the underlying conviction.

Respondent is to provide the Magistrate Judge with a paper copy of all exhibits filed using CM/ECF. The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively. An index describing each item submitted and showing each item's page number shall also be filed/attached.

In the event the Respondent is unable to produce any of the above documents, Respondent shall advise this Court in writing why Respondent is unable to produce them.

IT FURTHER IS ORDERED that Petitioner is allowed twenty (20) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner or Respondent(s) shall include a certificate indicating that a copy thereof has been furnished to the other parties.

SIGNED on Tuesday, December 29, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE